

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. A. Hodges
County Auditor
Williamson County
Georgetown, Texas

Dear Sir:

Opinion No. 0-2331
Re: Under Article 326q, Vernon's
Annotated Civil Statutes,
will the commissioners' court
have legal authority to pay
the criminal district attor-
ney his monthly salary, until
the appointment is made by the
commissioners' court, as coun-
ty attorney? And a related
question.

Your letter requesting the opinion of this depart-
ment on the questions stated therein reads in part as follows:

"Re: Opinion No. 0-5001
Ref. Art. 326q-R.C.S.

"Kindly inform me, under the above Art. and
Opinion, regarding the following-,

"1. Will the Commissioners Court have legal
authority to pay the Criminal District Attorney
his monthly salary until the appointed is made by
the Commissioners' Court as County Attorney? The
next salary payment being March 1st, 1943.

"2. Will the State Comptroller have legal
authority to remit this County the portion of the
funds appropriated for payment on the salary of
the Criminal District Attorney until the appoint-
ment is made of a County Attorney?

". . . ."

This department held in opinion No. O-5001 that Article 326q, Vernon's Annotated Civil Statutes was a nullity.

It is stated in our opinion No. O-4199:

"Since Article 326q has been held invalid, it necessarily follows that the office purportedly created 'Criminal District Attorney,' does not exist in those counties coming within the provisions of said article.

By your first question you make inquiry as to the compensation of the "Criminal District Attorney" of Williamson County who was elected "Criminal District Attorney" as authorized by Article 326q, Vernon's Annotated Civil Statutes. Our opinion No. O-3156 answers this question and we enclose a copy of said opinion for your convenience.

We now consider your second question. House Bill No. 271, Acts of the 47th Legislature, Regular Session, 1941, provides in part:

"· · · · ·

| | "For the Years Ending | |
| | August 31, 1942 | August 31, 1943 |
| "19. Apportionments to counties where county officers are paid salaries and where there is a Criminal District Attorney or County Attorney performing the duties of District Attorney (for 33 counties in 1940, per Sub-section B, Section 13, Chapter 465, Acts, Forty-fourth Legislature) | $146,429.00 | $146,429.00" |

Subsection B, Section 13, Chapter 465, Acts of the Forth-fourth Legislature which is set forth in the parenthesis in the foregoing paragraph is a part of Senate Bill No. 5 enacted by the Forty-fourth Legislature, Second Called Session, 1935 (now Paragraph (b), Section 13, Article 3912e, Vernon's Annotated Civil Statutes) and reads as follows:

"The compensation of a criminal district attorney or county attorney performing the duties

of district attorney, together with the compensation of his assistants, shall be paid out of the County Officers' Salary Fund, but the State shall pay into such fund each year an amount equal to a sum which bears the same proportion to the total salary of such criminal district attorney or county attorney performing the duties of a district attorney, together with the salary of his assistants, as all felony fees collected by such official during the year of 1935 bears to the total fees collected by such official during such year."

In view of the foregoing provision of House Bill No. 271, supra, it is our opinion that the State Comptroller is authorized to make apportionments to counties where the county officers are paid salaries and where there is a criminal district attorney who holds such office by virtue of a valid statute or a county attorney performing the duties of a district attorney. However, it is our further opinion that the State Comptroller is not authorized to make apportionments as authorized by said provision of House Bill No. 271, heretofore mentioned, where the "Criminal District Attorney" purports to hold such office under an invalid statute. In other words the State Comptroller cannot make such apportionments to counties where the "Criminal District Attorney" purports to hold such office by virtue of Article 326q, Vernon's Annotated Civil Statutes.

We have been informed by the Comptroller's Department that the Commissioners' Court of Williamson County has now appointed a County Attorney. If the County Attorney performs the duties of a district attorney for such county it is our opinion that the State Comptroller is authorized to make apportionments to such county as allowed by Section 19, House Bill No. 271, supra, under the Section titled Judiciary Section -- Comptroller's Department.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED MAY 18, 1943

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

By (Signed)
                    Ardell Williams
                    Assistant

AW:mp
AW:pm                   APPROVED
Encl.                   Opinion
                        Committee
                        By BWB
WJF                         Chairman